**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA,**
**FORT LAUDERDALE DIVISION**

**Case No.: 0:22–CV– 62321–XXXX**

WSPSL, LLC and SAVANT CONSULTANTS LLC d/b/a
BLUE SKIES AVIATION,

      Plaintiffs

vs.

AIRCRAFT MANAGEMENT CORPORATION
and JORGE LUIS CRUZ PONCE,

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiffs, SAVANT CONSULTANTS LLC d/b/a BLUE SKIES AVIATION and WSPSL, LLC, and hereby sues Defendants, AIRCRAFT MANAGEMENT CORPORATION and JORGE LUIS CRUZ PONCE, and in support thereof states as follows:

### PARTIES

1.    Plaintiff, WSPSL, LLC is, and at all times herein mentioned was, a limited liability company formed under the laws of the State of Delaware, with its principal place of business in the State of Delaware, and is transacting business in the State of Florida within the Southern District of Florida, Fort Lauderdale Division.

1

2.     Plaintiff, SAVANT CONSULTANTS LLC d/b/a BLUE SKIES AVIATION (hereinafter "BLUE SKIES AVIATION") is, and at all times herein mentioned was, a limited liability company formed under the laws of the State of Delaware, with its principal place of business in the State of Colorado, and is transacting business in the State of Florida within the Southern District of Florida, Fort Lauderdale Division.

3.     Defendant, AIRCRAFT MANAGEMENT CORPORATION is, and at all times material herein was, a corporation incorporated under the laws of the State of Florida, with its principal place of business in the State of Florida, and is transacting business in the State of Florida within the Southern District of Florida, Fort Lauderdale Division.

4.     Defendant, JORGE LUIS CRUZ PONCE (hereinafter "JORGE CRUZ") is, and at all times material herein was, an individual and citizen of Guatemala residing in and conducting business in the State of Florida within the Southern District of Florida, Fort Lauderdale Division.

5.     Additionally, Defendant, JORGE CRUZ is, and at all times material herein was, the President of AIRCRAFT MANAGEMENT CORPORATION and acted as its agent with express authority while conducting business in the State of Florida within the Southern District of Florida, Fort Lauderdale Division.

## JURISDICTION

6.      This Court has jurisdiction over this cause pursuant to 28 U.S.C. § 1332 because the citizenship of Plaintiffs and Defendants are diverse, and the amount in controversy, exclusive of interests and costs, far exceeds the sum of Seventy-Five Thousand Dollars ($75,000.000).

## VENUE

7.      Venue is proper in the Southern District of Florida, Fort Lauderdale Division, under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim, including but not limited to the entering into the contracts between the parties, occurred within the Southern District of Florida, Fort Lauderdale Division.

## GENERAL FACTS PERTINENT TO ALL COUNTS

8.      WSPSL, LLC and AIRCRAFT MANAGEMENT CORPORATION by and through its agent, JORGE CRUZ, entered into a valid non-exclusive Lease Agreement concerning a 1988 Gulfstream Aerospace Corporation GIV aircraft bearing U.S. registration number N254CA, and manufacturer's serial number 1054 (hereinafter the "Aircraft") on April 20, 2022. [Ex. "1", Lease Agreement].

9.      Under this Lease Agreement, AIRCRAFT MANAGEMENT CORPORATION and its agent, JORGE CRUZ, were required to maintain operational control at all times while operating the Aircraft, and they were

3

responsible for locating and retaining a qualified flight crew for all flights pursuant to Lease Agreement. [Lease Agreement Section 5.5 and 5.6].

10.     AIRCRAFT MANAGEMENT CORPORATION and its agent, JORGE CRUZ, were also responsible for all flight related costs, all unscheduled maintenance costs, all costs for damage done to the Aircraft, maintaining appropriate liability and hull insurance, and hourly rent for use of the Aircraft. [Lease Agreement Section 5.3, 5.4, 8.1, and 8.2].

11.     WSPSL, LLC delivered the Aircraft to JORGE CRUZ and AIRCRAFT MANAGEMENT CORPORATION and otherwise upheld all of its obligations pursuant to the Lease Agreement.

12.     JORGE CRUZ and AIRCRAFT MANAGEMENT CORPORATION violated the Lease Agreement by failing to make payments for their utilization of the Aircraft as required under the Lease Agreement.

13.     JORGE CRUZ and AIRCRAFT MANAGEMENT CORPORATION violated the Lease Agreement by damaging the Aircraft and failing to pay for those damages as required under the Lease Agreement.

14.     JORGE CRUZ and AIRCRAFT MANAGEMENT CORPORATION violated the Lease Agreement by failing to pay for unscheduled maintenance on the Aircraft as required under the Lease Agreement.

15.     Additionally, JORGE CRUZ and AIRCRAFT MANAGEMENT CORPORATION used the Aircraft in violation of Lease Agreement by operating commercial flights with the Aircraft.

16.     As a result of JORGE CRUZ and AIRCRAFT MANAGEMENT CORPORATION failing to make required payments for utilization of the Aircraft and unscheduled maintenance for the Aircraft as required under the Lease Agreement, JORGE CRUZ entered into a promissory note with WSPSL, LLC and BLUE SKIES AVIATION, which was attached as an addendum to the original lease agreement on July 27, 2022. [Ex. "2", Addendum].

17.     Despite this, JORGE CRUZ and AIRCRAFT MANAGEMENT CORPORATION have failed to make any payments due under the Addendum.

18.     To date, JORGE CRUZ and AIRCRAFT MANAGEMENT CORPORATION owe in excess of $800,000 to WSPSL, LLC and BLUE SKIES AVIATION in past due payments under the Lease Agreement and the Addendum.

### COUNT I BREACH OF CONTRACT– WSPSL, LLC v. AIRCRAFT MANAGEMENT CORPORATION

19.     WSPSL, LLC incorporates by reference and re-alleges paragraphs one (1) through eighteen (18) as if fully set-forth herein.

20.     WSPSL, LLC entered into a valid contract, the Lease Agreement, with AIRCRAFT MANAGEMENT CORPORATION.

21.     AIRCRAFT MANAGEMENT CORPORATION breached the Lease Agreement by failing to make payments as required.

22.     As a result, AIRCRAFT MANAGEMENT CORPORATION entered into a second valid contract, the Addendum, with WSPSL, LLC that set forth a payment schedule for past due payments AIRCRAFT MANAGEMENT CORPORATION owed under the Lease Agreement.

23.     AIRCRAFT MANAGEMENT CORPORATION has breached the Addendum by failing to make the payments owed under the Lease Agreement and the Addendum.

24.     WSPSL, LLC has suffered contractual damages in the amount of the past due payments AIRCRAFT MANAGEMENT CORPORATION owes under the Lease Agreement and Addendum.

25.     Additionally, WSPSL, LLC has incurred special and consequential damages from AIRCRAFT MANAGEMENT CORPORATION'S breach of the Lease Agreement and Addendum, including but not limited to loss of use of the Aircraft, diminished value of the Aircraft, and interruption/loss of business profits.

**COUNT II, BREACH OF CONTRACT – WSPSL, LLC v. JORGE CRUZ**

26.     WSPSL, LLC incorporates by reference and re-alleges paragraphs one (1) through eighteen (18) as if fully set forth herein.

27.    After AIRCRAFT MANAGEMENT CORPORATION fell behind on payments pursuant to the Lease Agreement, WSPSL, LLC and AIRCRAFT MANAGEMENT CORPORATION entered into a promissory note and Addendum to the Lease Agreement, as explained above.

28.    JORGE CRUZ acknowledged the debt owed and signed the Addendum in his personal capacity.

29.    Thus, JORGE CRUZ entered into a valid contract, the Addendum, with WSPSL, LLC.

30.    WSPSL, LLC, upheld its obligations under the Lease Agreement and the Addendum.

31.    JORGE CRUZ breached the valid contracts, the Lease Agreement and Addendum, by failing to make payments due under the Lease Agreement and the Addendum.

32.    WSPSL, LLC has suffered contractual damages in the amount of the past due payments JORGE CRUZ owes under the Lease Agreement and Addendum.

33.    Additionally, WSPSL, LLC has incurred special and consequential damages from JORGE CRUZ'S breach of the Addendum, including but not limited to loss of use of the Aircraft, diminished value of the Aircraft, and interruption/loss of business profits.

## COUNT III, BREACH OF CONTRACT – BLUE SKIES AVIATION v. AIRCRAFT MANAGEMENT CORORATION

34.     BLUE SKIES AVIATION incorporates by reference and re-alleges paragraphs one (1) through eighteen (18) as if fully set forth herein.

35.     AIRCRAFT MANAGEMENT CORPORATION entered into a valid contract, the Addendum, with BLUE SKIES AVIATION, requiring AIRCRAFT MANAGEMENT CORPORATION to make past due payments owed under the Lease Agreement to BLUE SKIES AVIATION.

36.     BLUE SKIES AVIATION upheld its obligations under the Addendum.

37.     AIRCRAFT MANAGEMENT CORPORATION breached the Addendum by failing to make the past due payments owed under the Lease Agreement and the Addendum to BLUE SKIES AVIATION.

38.     BLUE SKIES AVIATION has suffered contractual damages in the amount of the past due payments AIRCRAFT MANAGEMENT CORPORATION owes under the Lease Agreement and Addendum.

39.     Additionally, BLUE SKIES AVIATION has incurred special and consequential damages from AIRCRAFT MANAGEMENT CORPORATION'S breach of the Lease Agreement and Addendum, including but not limited to loss of use of the Aircraft, diminished value of the Aircraft, and interruption/loss of business profits.

## COUNT IV, BREACH OF CONTRACT – BLUE SKIES AVIATION v. JORGE LUIS CRUZ PONCE

40.     BLUE SKIES AVIATION incorporates by reference and re-alleges paragraphs one (1) through eighteen (18) as if fully set forth herein.

41.     JORGE CRUZ entered into a valid contract, the Addendum, with BLUE SKIES AVIATION, requiring JORGE CRUZ to make past due payments owed under the Lease Agreement to BLUE SKIES AVIATION.

42.     BLUE SKIES AVIATION upheld its obligations under the Addendum.

43.     JORGE CRUZ breached the Addendum by failing to make the past due payments owed under the Lease Agreement and the Addendum to BLUE SKIES AVIATION.

44.     BLUE SKIES AVIATION has suffered contractual damages in the amount of the past due payments JORGE CRUZ owes under the Lease Agreement and Addendum.

45.     Additionally, BLUE SKIES AVIATION has incurred special and consequential damages from JORGE CRUZ'S breach of the Addendum, including but not limited to loss of use of the Aircraft, diminished value of the Aircraft, and interruption/loss of business profits.

## COUNT V, FRAUD – WSPSL, LCC v. AIRCRAFT MANAGEMENT CORPORATION

46.     WSPSL, LLC realleges paragraphs one (1) through eighteen (18) as if fully set forth herein.

47.     Pursuant to Section 5.2(ii) of the Lease Agreement, AIRCRAFT MANAGEMENT CORPORATION was not permitted to "operate the Aircraft in commercial service, as common carrier, or otherwise on a compensatory or 'for hire' basis except to the limited extent permitted under Subpart F of Part 91 of the FAR, if applicable[.]" [Lease Agreement Section 5.2(ii)].

48.     Pursuant to Section 5.2(vi) of the Lease Agreement, AIRCRAFT MANAGEMENT CORPORATION was not permitted to "knowingly permit the Aircraft to be used for the carriage of any persons or property prohibited by law[.]" [Lease Agreement Section 5.2(vi)].

49.     AIRCRAFT MANAGEMENT CORPORATION falsely represented to WSPSL, LLC that the Aircraft would not be used in connection with transport in a commercial or "for hire" capacity, or for the carriage of persons or property prohibited by law, in compliance with these sections and Federal Law.

50.     AIRCRAFT MANAGEMENT CORPORATION knew these representations were false at the time they were made to WSPSL, LLC.

51.     AIRCRAFT   MANAGEMENT   CORPORATION   made   these representations to induce WSPSL, LLC to rely upon them in agreeing to enter into the Lease Agreement and the subsequent Addendum.

52.     WSPSL, LLC did in fact rely upon these statements in choosing to enter into the Lease Agreement and Addendum with AIRCRAFT MANAGEMENT CORPORATION.

53.     These statements were false, and AIRCRAFT MANAGEMENT CORPORATION did, in fact, use the Aircraft in connection with commercial flights which violated the Lease Agreement and FAA regulations.

54.     AIRCRAFT MANAGEMENT CORPORATION also used the aircraft in connection with the transportation of persons or property prohibited by law, again in violation of the Lease Agreement and FAA regulations.

55.     WSPSL,   LLC's   reliance   upon   AIRCRAFT   MANAGEMENT CORPORATION's fraudulent statements has resulted in damage to WSPSL, LLC, including devaluation of WSPSL, LLC's business assets and damage to WSPSL, LLC's business reputation.

**COUNT VI, FRAUD – WSPSL, LLC v. JORGE LUIS CRUZ PONCE**

56.     WSPSL, LLC realleges paragraphs one (1) through eighteen (18) as if fully set forth herein.

11

57.     Pursuant to Section 5.2(ii) of the Lease Agreement, AIRCRAFT MANAGEMENT CORPORATION was not permitted to "operate the Aircraft in commercial service, as common carrier, or otherwise on a compensatory or 'for hire' basis except to the limited extent permitted under Subpart F of Part 91 of the FAR, if applicable[.]" [Lease Agreement Section 5.2(ii)].

58.     Pursuant to Section 5.2(vi) of the Lease Agreement, AIRCRAFT MANAGEMENT CORPORATION was not permitted to "knowingly permit the Aircraft to be used for the carriage of any persons or property prohibited by law[.]" [Lease Agreement Section 5.2(vi)].

59.     JORGE CRUZ made representations on behalf of AIRCRAFT MANAGEMENT CORPORATION to WSPSL, LLC.

60.     JORGE CRUZ falsely represented to WSPSL, LLC that the Aircraft would not be used in connection with transport in a commercial or "for hire" capacity, or for the carriage of persons or property prohibited by law, in compliance with these sections and Federal Law.

61.     JORGE CRUZ knew these representations were false at the time they were made to WSPSL, LLC.

62.     JORGE CRUZ made these representations to induce WSPSL, LLC to rely upon them in agreeing to enter into the Lease Agreement and the subsequent Addendum.

12

63.    WSPSL, LLC did in fact rely upon these statements in choosing to enter into these agreements with AIRCRAFT MANAGEMENT CORPORATION and JORGE CRUZ.

64.    These statements were false, and JORGE CRUZ and AIRCRAFT MANAGEMENT CORPORATION did, in fact, use the Aircraft in connection with commercial flights which violated the Lease Agreement and FAA regulations.

65.    JORGE CRUZ and AIRCRAFT MANAGEMENT CORPORATION also used the Aircraft in connection with the transportation of persons or property prohibited by law, again in violation of the Lease Agreement and FAA regulations.

66.    WSPSL, LLC's reliance upon AIRCRAFT MANAGEMENT CORPORATION's fraudulent statements has resulted in damage to WSPSL, LLC, including devaluation of WSPSL, LLC's business assets and damage to WSPSL, LLC's business reputation.

## COUNT VII, FRAUD – BLUE SKIES AVIATION v. AIRCRAFT MANAGEMENT CORPORATION

67.    BLUE SKIES AVIATION realleges paragraphs one (1) through eighteen (18) as if fully set forth herein.

68.    BLUE SKIES AVIATION and JORGE CRUZ on behalf of AIRCRAFT MANAGEMENT CORPORATION agreed to allow "conditional, continued utilisation (sic.) of the aircraft in accordance with both the lease agreement and the amendments stated" in the Addendum.

13

69.     Pursuant to Section 5.2(ii) of the Lease Agreement, AIRCRAFT MANAGEMENT CORPORATION was not permitted to "operate the Aircraft in commercial service, as common carrier, or otherwise on a compensatory or 'for hire' basis except to the limited extent permitted under Subpart F of Part 91 of the FAR, if applicable[.]" [Lease Agreement Section 5.2(ii)].

70.     Pursuant to Section 5.2(vi) of the Lease Agreement, AIRCRAFT MANAGEMENT CORPORATION was not permitted to "knowingly permit the Aircraft to be used for the carriage of any persons or property prohibited by law[.]" [Lease Agreement Section 5.2(vi)].

71.     AIRCRAFT MANAGEMENT CORPORATION falsely represented to BLUE SKIES AVIATION that the Aircraft would not be used in connection with transport in a commercial or "for hire" capacity, or for the carriage of persons or property prohibited by law, in compliance with these sections and Federal Law.

72.     AIRCRAFT MANAGEMENT CORPORATION knew these representations were false at the time they were made to BLUE SKIES AVIATION.

73.     AIRCRAFT MANAGEMENT CORPORATION made these representations to induce BLUE SKIES AVIATION to rely upon them in agreeing to enter into the promissory note and addendum.

14

74.     BLUE SKIES AVIATION did in fact rely upon these statements in choosing to enter into these agreements with AIRCRAFT MANAGEMENT CORPORATION and JORGE CRUZ.

75.     These statements were false, and AIRCRAFT MANAGEMENT CORPORATION did, in fact, use the Aircraft in connection with commercial flights which violated the Lease Agreement and FAA regulations.

76.     AIRCRAFT MANAGEMENT CORPORATION also used the Aircraft in connection with the transportation of persons or property prohibited by law, again in violation of the Lease Agreement and FAA regulations.

77.     BLUE SKIES AVIATION'S reliance upon AIRCRAFT MANAGEMENT CORPORATION's fraudulent statements has resulted in damage to BLUE SKIES AVIATION, including devaluation of BLUE SKIES AVIATION'S business assets and damage to BLUE SKIES AVIATION'S business reputation.

## COUNT VIII, FRAUD – BLUE SKIES AVIATION v. JORGE LUIS CRUZ PONCE

78.     BLUE SKIES AVIATION realleges paragraphs one (1) through eighteen (18) as if fully set forth herein.

79.     BLUE SKIES AVIATION and JORGE CRUZ agreed to allow "conditional, continued utilisation (sic.) of the aircraft in accordance with both the lease agreement and the amendments stated" in the Addendum.

15

80.     Pursuant to Section 5.2(ii) of the Lease Agreement, AIRCRAFT MANAGEMENT CORPORATION was not permitted to "operate the Aircraft in commercial service, as common carrier, or otherwise on a compensatory or 'for hire' basis except to the limited extent permitted under Subpart F of Part 91 of the FAR, if applicable[.]" [Lease Agreement Section 5.2(ii)].

81.     Pursuant to Section 5.2(vi) of the Lease Agreement, AIRCRAFT MANAGEMENT CORPORATION was not permitted to "knowingly permit the Aircraft to be used for the carriage of any persons or property prohibited by law[.]" [Lease Agreement Section 5.2(vi)].

82.     JORGE CRUZ falsely represented to BLUE SKIES AVIATION that the Aircraft would not be used in connection with transport in a commercial or "for hire" capacity, or for the carriage of persons or property prohibited by law, in compliance with these sections and Federal Law.

83.     JORGE CRUZ knew these representations were false at the time they were made to BLUE SKIES AVIATION.

84.     JORGE CRUZ made these representations to induce BLUE SKIES AVIATION to rely upon them in agreeing to enter into the promissory note and Addendum.

85.     BLUE SKIES AVIATION did in fact rely upon these statements in choosing to enter into these agreements with AIRCRAFT MANAGEMENT CORPORATION and JORGE CRUZ.

86.     These statements were false, and AIRCRAFT MANAGEMENT CORPORATION and JORGE CRUZ did, in fact, use the Aircraft in connection with commercial flights which violated the Lease Agreement and FAA regulations.

87.     AIRCRAFT MANAGEMENT CORPORATION and JORGE CRUZ also used the aircraft in connection with the transportation of persons or property prohibited by law, again in violation of the Lease Agreement and FAA Regulations.

88.     BLUE SKIES AVIATION'S reliance upon JORGE CRUZ'S fraudulent statements has resulted in damage to BLUE SKIES AVIATION, including devaluation of BLUE SKIES AVIATION'S business assets and damage to BLUE SKIES AVIATION'S business reputation.

## COUNT IX, TORTIOUS INTERFERENCE WITH BUSINESS PRACTICE – WSPSL, LLC v. AIRCRAFT MANAGEMENT CORPORATION

89.     WSPSL, LLC realleges paragraphs one (1) through eighteen (18) as if fully set forth herein.

90.     WSPSL, LLC'S business, in part, is in leasing aircraft pursuant to agreements similar to the one between WSPSL, LLC and AIRCRAFT MANAGEMENT CORPORATION.

91.    AIRCRAFT MANAGEMENT CORPORATION was aware that WSPSL, LLC had business relationships with other entities and persons.

92.    AIRCRAFT MANAGEMENT CORPORATION intentionally used the Aircraft for purposes outside of the contemplated scope of the agreement, and even in violation of Federal Law.

93.    AIRCRAFT MANAGEMENT CORPORATION's intentional illegal and unpermitted use of the aircraft has disrupted WSPSL, LLC's relationship with other potential customers, and damaged WSPSL, LLC's reputation in the business community.

94.    WSPSL, LLC has suffered damages from this disruption in the form of cancelled agreements, complaints which required refunding of payments to dissatisfied customers, and loss of potential agreements.

## COUNT X, TORTIOUS INTERFERENCE WITH BUSINESS PRACTICE – WSPSL, LLC v. JORGE LUIS CRUZ PONCE

95.    WSPSL, LLC incorporates by reference and re-alleges paragraphs one (1) through eighteen (18) as if fully set forth herein.

96.    WSPSL, LLC's business, in part, is in leasing aircraft pursuant to agreements similar to the one between WSPSL, LLC and AIRCRAFT MANAGEMENT CORPORATION.

97.    JORGE CRUZ was aware that WSPSL, LLC had business relationships with other entities and persons.

18

98.     JORGE CRUZ intentionally caused the aircraft to be used for purposes outside of the contemplated scope of the agreement, and even in violation of Federal Law.

99.     JORGE CRUZ'S intentional illegal and unpermitted use of the aircraft has disrupted WSPSL, LLC's relationship with other potential customers, and damaged WSPSL, LLC's reputation in the business community.

100.    WSPSL, LLC has suffered damages from this disruption in the form of cancelled agreements, complaints which required refunding of payments to dissatisfied customers, and loss of potential agreements.

## COUNT XI, TORTIOUS INTERFERENCE WITH BUSINESS PRACTICE – BLUE SKIES AVIATION v. AIRCRAFT MANAGEMENT CORPORATION

101.    BLUE SKIES AVIATION incorporates by reference and re-alleges paragraphs one (1) through eighteen (18) as if fully set forth herein.

102.    BLUE SKIES AVIATION'S business, in part, is in facilitating the leasing of aircraft pursuant to agreements similar to the one between WSPSL, LLC and AIRCRAFT MANAGEMENT CORPORATION.

103.    AIRCRAFT MANAGEMENT CORPORATION was aware that BLUE SKIES AVIATION had business relationships with other entities and persons.

104.   AIRCRAFT MANAGEMENT CORPORATION intentionally caused the aircraft to be used for purposes outside of the contemplated scope of the agreement, and even in violation of Federal Law.

105.   AIRCRAFT MANAGEMENT CORPORATION's intentional illegal and unpermitted use of the aircraft has disrupted BLUE SKIES AVIATION'S relationship with other potential customers, and damaged BLUE SKIES AVIATION'S reputation in the business community.

106.   BLUE SKIES AVIATION has suffered damages from this disruption in the form of cancelled agreements, complaints which required refunding of payments to dissatisfied customers, and loss of potential agreements.

## COUNT XII, TORTIOUS INTERFERENCE WITH BUSINESS PRACTICE – BLUE SKIES AVIATION v. JORGE LUIS CRUZ PONCE

107.   BLUE SKIES AVIATION incorporates by reference and re-alleges paragraphs one (1) through eighteen (18) as if fully set forth herein.

108.   BLUE SKIES AVIATION'S business, in part, is in facilitating the leasing of aircraft pursuant to agreements similar to the one between WSPSL, LLC and AIRCRAFT MANAGEMENT CORPORATION.

109.   JORGE CRUZ was aware that BLUE SKIES AVIATION had business relationships with other entities and persons.

110.   JORGE CRUZ intentionally caused the aircraft to be used for purposes outside of the contemplated scope of the agreement, and even in violation of Federal Law.

111.   JORGE CRUZ's intentional illegal and unpermitted use of the aircraft has disrupted BLUE SKIES AVIATION'S relationship with other potential customers, and damaged BLUE SKIES AVIATION'S reputation in the business community.

112.   BLUE SKIES AVIATION has suffered damages from this disruption in the form of cancelled agreements, complaints which required refunding of payments to dissatisfied customers, and loss of potential agreements.

## DAMAGES

113.   As a direct and proximate result of Defendants' conduct, Plaintiff has suffered, and will continue to suffer, the following damages:

   a.  Interference with business activities;

   b.  Loss of benefit under business contract;

   c.  Decreased value of business equipment; and

   d.  Loss of business earning capacity.

## PRAYER

114.   For the above reasons, Plaintiffs pray that Defendants be cited to appear and answer herein and that upon final resolution of these claims, Plaintiffs have judgment against Defendants for the following:

e.  Actual damages, including general and special damages, in an amount in excess of $75,000.00 to be proven at time of trial;

f.  Punitive damages;

g.  Pre-judgment and post-judgment interest;

h.  Costs of suit;

i.  Attorney's fees; and

j.  All such other and further relief to which Plaintiffs may show themselves justly entitled under law or in equity.

## DEMAND FOR JURY TRIAL

115.  Plaintiffs hereby demand a jury trial, pursuant to Rule 38 of the Federal Rules of Civil Procedure, on all issues so triable.

Dated: December 9, 2022

> _s/ L. Delton Gunn, V, Esq._
> L. Delton Gunn, V, Esquire
> Florida Bar No: 1038889
> BANKER LOPEZ GASSLER P.A.
> 501 East Kennedy Blvd., Suite 1700
> Tampa, FL  33602
> Tel No: (813) 221-1500
> Fax No: (813) 222-3066
> Email:  service-dgunn@bankerlopez.com
> Attorneys for Plaintiffs, WSPSL, LLC and
> BLUE SKIES AVIATION

## **<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY THAT a true and accurate copy of the above and foregoing Complaint and Demand for Jury Trial was filed via the CM/ECF filing system on December 9, 2022.

> _s/ L. Delton Gunn, V, Esq._
> L. Delton Gunn, V, Esquire
> Florida Bar No: 1038889
> BANKER LOPEZ GASSLER P.A.
> 501 East Kennedy Blvd., Suite 1700
> Tampa, FL  33602
> Tel No: (813) 221-1500
> Fax No: (813) 222-3066
> Email:  service-dgunn@bankerlopez.com
> Attorneys for Plaintiffs, WSPSL, LLC and
> BLUE SKIES AVIATION