UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:22-cv-62321-KMM

WSPSL, LLC, *et al.*,

    Plaintiffs,

v.

AIRCRAFT MANAGEMENT
CORPORATION, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court upon Plaintiffs WSPSL, LLC and Savant Consultants, LLC's Motion for Entry of Final Judgment Pursuant to Settlement Agreement. (ECF No. 41). The Motion has been referred to the undersigned by the Honorable K. Michael Moore, United States District Judge, to take all necessary and proper action as required by law and/or issue a Report and Recommendation regarding the Motion. (ECF No. 42). Because the Court is without jurisdiction over the dispute, the undersigned respectfully **RECOMMENDS** that the Motion be **DENIED** and that this case remain **CLOSED**.[1]

**I.    BACKGROUND**

Plaintiffs Savant Consultants, LLC and WSPSL, LLC initiated this case in this Court on December 9, 2022, against Defendants Aircraft Management Corp. and Jorge Luis Cruz Ponce, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. (ECF No. 1). In broad strokes, Plaintiffs alleged in their Amended Complaint that Defendants breached a lease agreement for a

---

[1] While Defendants indicated opposition to the Motion and have not yet responded, the undersigned finds upon review of the record as a whole that the Motion may properly be denied without hearing Defendants' position.

1

Gulfstream GIV aircraft, breached other agreements related thereto, and made false representations, thereby harming Plaintiffs' reputation in the business community and tortiously interfering with Plaintiffs' business relationships with non-parties. (ECF No. 5).

During mediation on March 17, 2023, the Parties settled this dispute in full. (ECF No. 32). Upon notification that this case had settled, the District Court entered a Notice of Court Practice that required the Parties to file a Stipulation of Dismissal of all claims and signed by all Parties, under Federal Rule of Civil Procedure 41(a). (ECF No. 33).

On May 19, 2023, the Parties filed their Joint Stipulation of Dismissal with Prejudice (ECF No. 39), therein agreeing to the dismissal of this action with prejudice. The Parties requested that the Court retain jurisdiction to enforce the Parties' settlement agreement. (*Id.*). On May 22, 2023, the District Court entered the following Order, dismissing this action with prejudice and closing this case:

> PAPERLESS ORDER. THIS CAUSE came before the Court upon the Parties' Stipulation of Dismissal. UPON CONSIDERATION of the Stipulation, the pertinent portions of the record, and being otherwise fully advised in the premises, it is ORDERED AND ADJUDGED that the above-styled cause is hereby DISMISSED WITH PREJUDICE. The Clerk of Court is instructed to CLOSE this case. All pending motions, if any, are DENIED AS MOOT. Signed by Judge K. Michael Moore on 5/22/2023.

(ECF No. 40).

Now, approximately two months after the Parties stipulated to the dismissal of this action, Plaintiffs move the Court to enter a final judgment against Defendants for breaching the Parties' settlement agreement.

## II.     DISCUSSION

"[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Federal courts are courts of limited jurisdiction. While Plaintiffs here assume that

the Court has jurisdiction over the Motion, it is "to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

Once a court enters an order of dismissal, it generally loses jurisdiction to further act on the case except to the extent that it specifically retains jurisdiction. *See, e.g.*, *id.* at 381–82 (holding that the district court could not enforce the parties' settlement agreement because the court's order of dismissal did not reserve jurisdiction to do so). The law since *Kokkonen* has been clear that a district court is divested of jurisdiction upon entry of an order of dismissal, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A), unless the court specifically retains jurisdiction over the dispute in the order of dismissal. *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1280–81 (11th Cir. 2012) (internal citation omitted) ("It is undoubtedly true that all parties must consent to the retention of jurisdiction over the enforcement of a settlement agreement if the case is dismissed by stipulation of all parties, but that agreement alone is not sufficient. The district court must also issue an order specifically retaining jurisdiction in accordance with *Kokkonen* because ancillary jurisdiction allows a district court to effectuate its orders, not to enforce stipulations."); *Otegui v. City Works Constr. LLC*, No. 14-21057-CIV, 2017 WL 945638, at *3 (S.D. Fla. Jan. 17, 2017) (finding court was without jurisdiction to enforce the terms of parties' settlement agreement, even if they consent).

In this case, the District Court did not enter an order retaining jurisdiction prior to the Parties filing their Stipulation. *Cf. Anago Franchising*, 677 F.3d at 1280 ("We therefore find that for a district court to retain jurisdiction over a settlement agreement where the parties dismiss the case by filing a stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii), either (1) the district court must issue the order retaining jurisdiction under *Kokkonen* prior to the filing of the stipulation, or (2) the parties must condition the effectiveness of the stipulation on the district court's entry of an order retaining

jurisdiction."). And while the Parties did agree that the District Court should retain jurisdiction to enforce the terms of their settlement agreement, (ECF No. 39 at 1), the District Court's May 22, 2023 Order did not do so.

Accordingly, the Court lacks jurisdiction to enforce the terms of the Parties settlement agreement.[2]

### III. RECOMMENDATIONS

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that Plaintiffs WSPSL, LLC and Savant Consultants, LLC's Motion for Entry of Final Judgment Pursuant to Settlement Agreement (ECF No. 41) be **DENIED** for lack of jurisdiction.

A party shall serve and file written objections, if any, to this Report and Recommendations with the K. Michael Moore, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendations. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, on this 7th day of August, 2023.

                                                 LAUREN F. LOUIS
                                                 UNITED STATES MAGISTRATE JUDGE

cc:    Honorable K. Michael Moore
       Counsel of Record

---

[2] Plaintiffs are not without recourse, as they may still file a new civil action in a court of competent jurisdiction.