UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:22-cv-62321-KMM

WSPSL, LLC and SAVANT CONSULTANTS,
LLC d/b/a BLUE SKIES AVIATION,

    Plaintiffs,
v.

AIRCRAFT MANAGEMENT CORPORATION
And JORGE LUIS CRUZ PONCE
    Defendants.
_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiffs' Motion for Entry of Final Judgment Pursuant to Settlement Agreement. ("Mot.") (ECF No. 69). Therein, Plaintiffs WSPSL, LLC and Savant Consultants, LLC ("Plaintiffs") request that the Court enforce its settlement agreement with Aircraft Management Corporation and Jorge Luis Cruz Ponce ("Defendants") due to Defendants' alleged breach. *Id.* at 1. The matter was referred to the Honorable Lauren F. Louis, United States Magistrate Judge. (ECF No. 42). On August 7, 2023, Magistrate Judge Louis issued a Report and Recommendation, ("R&R") (ECF No. 43), recommending that the Motion be DENIED for lack of jurisdiction. No objections to the R&R were filed, and the time to do so has now passed. The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must consider *de novo* any objection to the magistrate judge's recommendation." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781,

784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.* Yet when a party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))). Because no objections were filed, the Court reviews the R&R for clear error.

In her R&R, Magistrate Judge Louis concludes that the Court lacks jurisdiction to enforce the settlement. *See* R&R at 3. Specifically, Magistrate Judge Louis explains that "[o]nce a court enters an order of dismissal, it generally loses jurisdiction to further act on the case except to the extent that it specifically retains jurisdiction." *See id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994)). Magistrate Judge Louis further summarized the law, explaining "[i]t is undoubtedly true that all parties must consent to the retention of jurisdiction over the enforcement of a settlement agreement if the case is dismissed by stipulation of all parties, but that agreement alone is not sufficient. The district court must also issue an order specifically retaining jurisdiction in accordance with *Kokkonen* because ancillary jurisdiction allows a district court to effectuate its orders, not to enforce stipulations." *Id.* (quoting *Anago Franchising, Inc. v. Shaz, LLC*, 667 F.3d 1272, 1280–81 (11th Cir. 2012)). Here, the Court issued an order upon the Parties' notice of dismissal, *see* (ECF No. 40), which did not retain jurisdiction to enforce the settlement. Thus, the Court agrees with Magistrate Judge Louis that the Court does not have jurisdiction to adjudicate this dispute.

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the R&R (ECF No. 43) is ADOPTED.  IT IS FURTHER ORDERED that Plaintiffs' Motion (ECF No. 41) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this  12th   day of October, 2023.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record